IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Edward Williams, #191361 )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>State of South Carolina )<br>and the Warden of Walden )<br>Correctional Institution, )<br>)<br>Respondents.[1] )<br>) | Civil Action No.8:08-3598-MBS-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. # 12.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on October 27, 2008.[2] On January 9, 2009, the respondent moved for summary judgment. By order filed January 12, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to

---

[1] A prisoner's custodian is the only proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, as the Warden is the only proper respondent in a habeas action, the State of South Carolina should be dismissed from this action. Accordingly, the undersigned will refer to the Warden as the only respondent throughout this report.

[2] There is not a prison mailroom stamp on the envelope containing the petition. (Pet. Attach. # 2.) Further, as the zip code on the postmark differs from that of the prison, it appears that the envelope was not mailed from the prison and therefore, the petitioner would not be entitled to the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court).

adequately respond to the motion. On June 4, 2009, the petitioner filed a response opposing the respondent's summary judgment motion.

## I. **PROCEDURAL HISTORY/FACTS**

The petitioner is currently incarcerated at the Walden Correctional Institution. On July 20, 2006, the petitioner pled guilty to possession with intent to distribute crack cocaine, possession of marijuana with intent to distribute, trafficking cocaine, and possession of a stolen pistol.[3] The Honorable John Breeden was the judge of record in the petitioner's guilty plea. However, as noted at the post-conviction relief ("PCR") hearing, the Honorable John Milling was the judge who actually took the petitioner's guilty plea. (App. 45-46). The petitioner was represented by Public Defender Michael E. Suggs. Judge Milling sentenced the petitioner to seven years on each drug offense and five years on the weapons charge with all sentences to run concurrently. The petitioner did not file a direct appeal.

On January 19, 2006, the petitioner filed an application for PCR alleging that his trial counsel was ineffective for several reasons, his guilty plea was involuntary, and the trial court lacked subject matter jurisdiction. An evidentiary hearing was held before Judge Breeden. (App. 43-86.) The petitioner was present at the hearing and was represented by Charles J. Brooks, III, Esquire. (App. 44.) On May 24, 2006, Judge Breeden denied the petitioner's PCR because he had "not shown any ineffective assistance of counsel."

The petitioner appealed and on June 28, 2006, the South Carolina Supreme Court vacated Judge Breeden's May 24, 2006, order because it did not comply with S.C. Code

---

[3]The petitioner's prior criminal record consisted of a 1992 conviction for possession of cocaine, a 1992 conviction for distribution of powder cocaine, a 1994 conviction for possession with intent to distribute crack cocaine, a 1992 driving under suspension, third offense, and a 1994 driving under suspension, fourth offense. (App. 17). As part of a plea agreement, the State agreed that the three drug charges would be treated as second offenses instead of third offenses.

2

Ann. § 17-27-80 (2003). The notice of appeal was dismissed without prejudice, and the matter was remanded to the circuit court to enter a written order that complies with the statute. The matter was remitted back to the PCR Court on July 14, 2006.

On March 26, 2007, the PCR court's order denying the petitioner's PCR application was served on the petitioner. (App. 87-93.)[4] The petitioner timely filed an appeal. On appeal, the petitioner was represented by Deputy Chief Appellate Defender Wanda H. Carter. Carter filed a *Johnson* petition alleging that trial counsel had erred in allowing the petitioner to plead guilty when there was a fourth amendment violation claim which could have been developed in the case as a defense to the state's charges. The petitioner also filed a pro se response to the *Johnson* petition raising two issues: 1) trial counsel erred in allowing the petitioner to plead guilty when there was a 4th Amendment violation claim which would have been a defense to the state's charges; and 2) trial counsel erred in allowing the solicitor to use evidence that was over ten years old to enhance his sentence and further there was never a trafficking charge on the petitioner's record. On July 23, 2008, the South Carolina Supreme Court denied the *Johnson* petition. The remittitur was sent down on August 11, 2008.

In this habeas petition, the petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One:** Ineffective Assistance of Counsel
> **Supporting Facts:** Counsel did not litigate a violation of the 4th amendment of the U.S. Constitution in connection with a illegal traffic stop and falsified arrest warrant for illegal detainment. And that counsel did not file a motion for hearing to

---

[4] Although not entirely clear from the record, it appears that Judge Breeden initially summarily denied the petitioner's application for PCR on a Judgment in a Civil Case form dated May 24, 2006. In an more in depth order dated June 16, 2006, Judge Breeden denied the petitioner PCR. However, it appears that this June 16th order must not have been served at that time. In the interim, the petitioner appealed from the May 24th order and the South Carolina Supreme Court vacated that order. Judge Breeden's order date June 16, 2006, was not served on the petitioner until March 26, 2007. (App. 94.)

3

> suppress any and all evidence under the "Poisonous Tree Doctrine".
>
> **Ground Two:** Involuntary Guilty Plea
> **Supporting Facts:** Had Mr. Williams known the essence of the 4th amendment defense he would not have plead guilty.
>
> **Ground Three:** Subject Matter Jurisdiction
> **Supporting Facts:** Indictment is insufficient for less included offense which would have been a Disturbutions charge.
>
> **Ground Four:** Subject Matter Jurisdiction
> **Supporting Facts:** S.C. Supreme Court didn't have jurisdiction to deny Writ of Certirari because the circuit court failed to enter a written order that complies with statue[sic] (17- 27-80) after the S.C. Supreme Court June 28, 2006 order vacating the order of May 24, 2006 and remanding to the lower court.

## II.  Facts

The charges stemmed from the following events. On February 4, 2005, at approximately 10:30 p.m., the Horry County Police Department was conducting a traffic safety check point at an intersection in Conway. (App. 14.)  The petitioner approached the checkpoint and was stopped.  He provided the officers with his license, registration, and proof of insurance.  One of the officers at the checkpoint noticed that the petitioner was not wearing his seatbelt and the vehicle registration was not properly completed. (App. 15). The officer asked the petitioner to pull to the side of the road and he checked to see if the petitioner had any outstanding warrants. (App. 15.)  At that time, it appeared the petitioner had an outstanding warrant for breach of trust.  (*Id.*)

The officer asked the petitioner to step to the rear of his vehicle so that the officer could interview him.  (*Id.*)  The officer asked the petitioner for consent to search his person and his car.  (*Id.*)   The petitioner acknowledges he gave consent for the officer to search him, but he alleges he did not give consent to the search of his car.  (App. 83.)   During the frisk, the officer found a square hard object was located in the petitioner's left front pants

4

pocket. (App. 15). The petitioner informed the officer that it was $400 in cash. (*Id.*) At that point, another officer began to search the petitioner's car. (App. 15).

In the passenger compartment, the officer found what appeared to be marijuana residue and noticed a strong odor of marijuana. (*Id.*) When the officer began to search the trunk of the car, the petitioner tried to flee. (*Id.*) Once the petitioner was restrained, one of the officers resumed searching the trunk. (App. 16). While searching the trunk, the petitioner's jacket fell open and a bag of an off-white substance fell out of one of his pockets. (*Id.*) The bag was retrieved, and the petitioner was arrested. (*Id.*) The officer searching the vehicle found two bags of marijuana and a pillow case containing three pistols, including one which had been reported stolen. (*Id.*) Altogether, the police found a little more than 22 grams of cocaine, 7.29 grams of crack cocaine, 41 grams of marijuana, and a stolen pistol. (App. 16-17).

### III. **APPLICABLE LAW**

**A.  Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that

a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**B. HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

6

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

## C. EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### I. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or

7

> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

ii. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time.  Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial

9

as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

iii. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

iv. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an

external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## IV. <u>DISCUSSION</u>

**Procedurally Barred Claims**

The respondent contends that the claims which the petitioner raises in Grounds Two, Three, and Four should be dismissed because they are procedurally barred. The undersigned agrees.

In Ground Two, the petitioner asserts that his guilty plea was involuntary because he was unaware of Fourth Amendment defenses available to him. As noted above, the petitioner raised only an ineffective assistance of counsel claim in his PCR proceeding. Therefore, this issue was not ruled upon by the PCR Court and thus it was not preserved for appellate review. *See Pruitt v. State*, 423 S.E.2d 127 (S.C. 1992) (issue must be raised to and ruled on by the PCR judge in order to be preserved for review).[5] Since the petitioner

---

[5]Additionally, the undersigned notes that Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within he must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases. *McMann v. Richardson,* 397 U.S. 759, 771 (1970); *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985).

11

did not properly present this claim to the South Carolina appellate courts and the state courts would find any attempt to raise these claims now to be procedurally improper, then these claims are procedurally barred from review in federal habeas corpus. *Coleman,* 501 U.S. 722 (issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

In Ground Three, the petitioner alleges that the plea court lacked subject matter jurisdiction because of errors in the indictments. Under South Carolina law, a challenge to an indictment because it is either insufficient or defective must be raised before the jury is sworn. *State v. Gentry,* 610 S.E.2d 494, 499 (S.C. 2005). The petitioner did not assert this issue until his PCR. Since the petitioner did not properly present this claim to the South Carolina appellate courts in a procedurally viable manner when he had the opportunity, and the state courts would find any attempt to raise this claim now to be procedurally improper, then this claim is also procedurally barred from review in federal habeas corpus. *Coleman,* 501 U.S. 722.

In Ground Four, the petitioner alleges that the South Carolina Supreme Court lacked subject matter jurisdiction to hear the appeal of the PCR Court's written order. Again, the petitioner did not raise this claim in state court and thus it is procedurally barred from review in federal habeas. *Coleman,* 501 U.S. 722.

When a state prisoner has defaulted his claims in state court, habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The petitioner has not argued any ground to excuse the default and none is readily apparent on this record. Thus, these claims are procedurally barred from habeas review.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the undersigned will not discuss the merits of the claims raised in Grounds Two, Three, and Four as these claims are procedurally barred. The remaining claim set forth in Ground One is discussed on the merits below.

**Ground One**

In Ground One, the petitioner alleges that trial counsel was ineffective because he did not litigate an alleged Fourth Amendment claim which the petitioner contends resulted from an illegal traffic stop and falsified arrest warrant.

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the *Strickland* test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington,* 466 U.S. 668, 691 (1984). The prejudice prong of the *Strickland* test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59. "This is an objective inquiry, and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007). If, however, there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or

13

pursue it cannot be prejudicial. *Savino v. Murray,* 82 F.3d 593, 599 (4th 1996) (*citing Hill*, 474 U.S. at 59).

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. *Sneed v. Smith,* 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. *Bunch v. Thompson,* 949 F.2d 1354 (4th Cir. 1991). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "*Strickland* does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." *Green v. French,* 143 F.3d 865, 892 (4th Cir. 1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. *Strickland,* 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial.

Further, in making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. *Carpenter v. United States*, 720 F.2d 546 (8th Cir.1983). *See also Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir.1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir.1994).

It is well established that the failure to file a motion to suppress does not constitute per se ineffective assistance of counsel. *Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986). The Supreme Court has refined the prejudice inquiry in the context of ineffective assistance claims based on counsel's failure to file a motion to suppress, as follows:

> Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the [outcome] would have been different absent the excludable evidence in order to demonstrate actual prejudice.

*Id.* at 375. The inquiry turns on whether a hypothetical motion to suppress would have been successful. *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir.1987). Defense counsel cannot be faulted for failing to raise a baseless objection. *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir.1995) (holding that an attorney cannot be judged deficient for his failure to raise a frivolous issue).

In the present habeas petition, the petitioner asserts that his plea counsel was ineffective because he did not litigate the petitioner's 4th Amendment claim of an illegal search which the petitioner contends resulted from an illegal traffic stop. The state PCR court rejected the petitioner's contention. (App. 91). It held that the petitioner failed to show ineffective assistance of counsel for failing to raise 4th Amendment issues because the petitioner gave his consent to the search after being lawfully stopped for seatbelt and registration violations. *Id.*

At the PCR hearing, the petitioner complained about the legality of the safety checkpoint and questioned whether there was ever any outstanding warrant. (App. 48, 53-56). However, he did not assert that he was wearing his seat belt or that his vehicle registration was in proper order. A seat belt violation can be the sole basis for a police

officer to pull over a vehicle. *State v. Odom,* 656 S.E.2d 748, 751 (S.C. Ct. App. 2007) (citing S.C. Code Ann. §§ 56-5-6520 and 56-5-6540).

At the PCR hearing, the petitioner acknowledged that he had consented to the search of his person. (App. 83.) However, he argued he did not consent to the search of his car. (*Id.*) Further, at the PCR hearing, the petitioner testified that the officers did not search his car and that the drugs were not found in his car, but rather they found drugs on the ground beside the car. (App. 83.) The record shows that the officer stated the petitioner consented and the petitioner alleges that he did not. Further, trial counsel testified that he did not believe any evidence would have been suppressed based upon a 4th Amendment violation had the petitioner gone to trial. (App. 75-76.)

To the extent that the petitioner is arguing that the initial stop was illegal as it was based upon an allegedly improper checkpoint, this claim is also without merit. The undersigned notes as a preliminary matter that driver's license checkpoints are permissible.[6] Vehicle checkpoints are permissible where all drivers on a certain road are stopped as they pass, or where all cars at specific intervals (e.g., every fifth car) are stopped, so long as the intrusion on the drivers' privacy and time is minimal, the procedure is uniform, and the stop satisfies a purpose other than normal law enforcement. *See City of Indianapolis v. Edmond*, 531 U.S. 32, 37-38 (2000); *Michigan Dept. of State Police v. Sitz,* 496 U.S. 444, 450-55 (1990). Of especial relevance to the present case, the Supreme Court in *Edmond* suggested in dicta that a "roadblock with the purpose of verifying drivers' licenses and vehicle registrations would be permissible." *Id.* at 37-38. In an unpublished opinion, the United States Court of Appeals for the Fourth Circuit held that a roadblock that stopped

---

[6]The petitioner appeared to agree with that at his PCR hearing when he testified that after the officers had checked his license, registration and proof of insurance, they should have let him continue. (App. 54-55.)

each vehicle to check for drivers' licenses and did not involve discretionary behavior on the part of the police officers was reasonable. *United States v. Price*, 2006 WL 228626, at *2 (4th Cir. Jan. 31, 2006).

Further, there is no evidence that the checkpoint was improper. Once the police learned that the petitioner's registration was not proper and he was not wearing his seatbelt, the police had probable cause to arrest the petitioner, and so the threshold requirement of reasonable suspicion of illegal activity was met regarding the subsequent stop of the petitioner. Further, as part of a traffic stop, the police may require the occupants of an automobile to exit the vehicle. *Mimms,* 434 U.S. at 109-12. Here, the police did just that. Then, after the petitioner left his car, the officer asked the petitioner for permission to search his person and car, and the petitioner consented. "It is . . . well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamonte,* 412 U.S. 218, 219 (1973) (citations omitted).

In the end, the petitioner has no evidence of an improper checkpoint and is not entitled to sift the respondent's records in an attempt to find it. Further, the officer recited that after the initial stop, the petitioner consented to the search of his person and car. (Return Attach. # 15 at 22 - Incident Report.) Although the petitioner contends he did not consent to a search of his car, the PCR court did not find the petitioner credible.

Reviewing the record, the undersigned concludes that the petitioner has neither overcome the strong presumption that the conduct of counsel fell within a wide range of reasonable professional assistance nor shown that any deficiencies in counsel's performance prejudiced his defense. *Strickland,* 466 U.S. at 689-694. Accordingly, the PCR court's decision was not contrary, nor an unreasonable application of *Strickland.* Thus, this ground is without merit.

## V. <u>CONCLUSION</u>

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 12) be GRANTED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

June 23, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).