IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Williams, #191361, ) | |
| ) | C/A No. 8:08-3598-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| State of South Carolina and the Warden ) | |
| of Walden Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Edward Williams is an inmate in custody of the South Carolina Department of Corrections. Petitioner pleaded guilty on July 20, 2006 to possession with intent to distribute crack cocaine, possession of marijuana with intent to distribute, trafficking cocaine, and possession of a stolen pistol. Petitioner was sentenced to seven years incarceration on each drug offense and five years on the weapons charge, with all sentences to be run concurrently. Petitioner did not file a direct appeal. On January 19, 2006, Petitioner filed an application for post-conviction relief in state court. The application was denied and dismissed pursuant to written order on March 26, 2007. The South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari on July 23, 2008.

On October 27, 2008, Petitioner, appearing *pro se*, filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that (1) counsel was ineffective for failing to raise a Fourth Amendment challenge regarding the events leading to Petitioner's arrest (Ground One); (2) his guilty plea was not knowing and voluntary (Ground Two); (3) the trial court lacked subject matter jurisdiction because the indictment was insufficient (Ground Three); and (4) the South Carolina Supreme Court lacked subject matter jurisdiction to deny his petition for writ of certiorari (Ground Four).

This matter is before the court on motion for summary judgment filed by Respondents on January 9, 2009. By order filed January 12, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition to Respondents' motion on June 4, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge filed a Report and Recommendation on June 23, 2009. The Magistrate Judge noted that the claims raised in Grounds Two, Three, and Four have been procedurally defaulted. As to Ground One, the Magistrate Judge determined that Petitioner did not receive ineffective assistance of counsel. Accordingly, the Magistrate Judge recommended that Respondents' motion for summary judgment be granted and the § 2254 petition dismissed. Petitioner filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by

2

reference.  Respondents' motion for summary judgment (Entry 12) is **granted**.  The within § 2254 petition is dismissed with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 23, 2009.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**